UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-303-MOC
(3:13-cr-330-MOC-1)

| HAROLD BROOME, JR., | ) |  |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion to Dismiss, (Doc. No. 9).

### I. BACKGROUND

Petitioner was charged in the underlying criminal case with: Counts (1)-(4), possession with intent to distribute cocaine base, cocaine, and marijuana (21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D)); Count (6), possession of a firearm and ammunition (18 U.S.C. § 922(g)(1)); and Count (7), using or carrying one or more firearms in furtherance of a drug trafficking crime as charged in Counts (3)-(5), and possessing one or more firearms (18 U.S.C. § 924(c)(1)). (3:13-cr-330 (CR) Doc. No. 20). The Government filed an Information pursuant to 21 U.S.C. § 851 based on one prior felony drug offense. (CR Doc. No. 8).

Petitioner pleaded guilty to Counts (1) through (6) in exchange for the Government's dismissal of Count (7). (CR Doc. No. 22). The written Plea Agreement set forth Petitioner's sentencing exposure, including the § 851 enhancement, which the Government agreed to withdraw at the time of sentencing. (CR Doc. No. 22 at 1-2). The Plea Agreement states that a violation of

1

supervised release may subject Petitioner to an additional period of imprisonment. The parties agreed to jointly recommend the drug amounts for purposes of relevant conduct and the parties remained free to seek a departure or variance. (CR Doc. No. 16 at 2-3). The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea and that he stipulated to the written Factual Basis that was filed with the Plea Agreement, and that the Court may use the offense conduct set out in the Presentence Report (PSR) except any fact to which Petitioner has objected. (CR Doc. No. 22 at 4); see (CR Doc. No. 21) (Factual Basis). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, and specifically provides that Petitioner was waiving the rights to contest his conviction and/or sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 22 at 5).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. No. 23). The Court accepted Petitioner's guilty plea and, in a Judgment entered March 23, 2015, adjudicated him guilty of Counts (1) through (6) and sentenced him to a downward variance sentence of 50 months' imprisonment for each count, concurrent, followed by supervised release of three years for Counts (1) through (4), two years for Count (5), and one year for Count (6), concurrent. (CR Doc. No. 35). Petitioner did not appeal.

Petitioner completed his sentence of imprisonment and began serving supervised release on September 1, 2017. See (CR Doc. No. 39). On April 17, 2019, the Probation Officer filed a Petition for the Court to issue an arrest warrant and for the revocation of Petitioner's probation based on multiple violations of the conditions of his supervised release including several new law violations. (Id.).

2

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 1, 2020. (Doc. No. 1). He argues that the 2015 Judgment should be vacated pursuant to Rehaif v. United States, 130 S.Ct. 2191 (2019) because he was not informed that a § 922 conviction requires proof that he knew he belonged to a class of persons barred from possessing a firearm. Petitioner asks the Court to vacate the entire Judgment and determine whether to resentence him on the remaining counts or invalidate the entire agreement.

The Government filed a Motion to Dismiss, (Doc. No. 9), arguing that the Court lacks jurisdiction to consider the Rehaif claim under § 2255 because Petitioner was not in custody for the § 922(g) offense at the time the Motion to Vacate was filed.

Petitioner filed a Response, (Doc. No. 10), arguing that he satisfies the § 2255 "in custody" requirement because the Rehaif error infected the entire plea agreement and "sentencing package." (Doc. No. 10 at 1). Petitioner admits that the Government would have a valid argument that Petitioner was not "in custody" for purposes of § 2255 if Petitioner was only challenging the § 922(g) charge, however, he is challenging the validity of the entire plea. (Id.).

In its Reply, (Doc. No. 11), the Government argues that Petitioner has conflated the "in custody" requirement that must be satisfied in order to bring a § 2255 petition in the first place, with the sentencing package doctrine that can be applied after a meritorious § 2255 petition has been granted and a sentence has been vacated.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct

3

the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Section 2255 provides that a prisoner "in custody under sentence of a court established by Act of Congress" may move to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). The United States Supreme Court has interpreted this language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (discussing the "in custody" requirement of 28 U.S.C. § 2254) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Once a prisoner's sentence has fully expired, he is not "in custody" notwithstanding any collateral consequences of the sentence which "are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack on it." Maleng, 490 U.S. at 492. The "in custody" requirement is jurisdictional. Id. at 490.

Petitioner seeks § 2255 relief pursuant to Rehaif, in which the United States Supreme Court held that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200.

Petitioner completed his concurrent 50-month sentences of imprisonment and began serving supervised release on September 1, 2017. He filed the instant § 2255 Motion to Vacate two years and nine months later on June 1, 2020. By then, the one- and two-year terms of supervised release for Counts (5) and (6) had completely expired and Petitioner was only "in custody" for Counts (1) through (4) for which he received a three-year term of supervised release. See Mays v. Dinwiddie, 580 F.3d 1136 (10th Cir. 2009) (prisoner who was still serving the longer of two concurrent sentences, but who had completed the term of the shorter sentence, was not in custody for the purposes of challenging the conviction underlying the shorter sentence); Siarkiewicz v. McNeil, 2009 WL 399430 (N.D. Fla. 2009), *report and recommendation adopted*, 2009 WL903384 (N.D. Fla. 2009) (petitioner in custody for a burglary conviction carrying a 15-year sentence was no longer in custody on concurrent sentences for other offenses that had already expired and were not used to enhance the burglary sentence). Therefore, Petitioner was not in custody at that time for Counts (5) and (6). To the extent that Petitioner argues that these convictions may affect his upcoming sentencing in case number 3:19-cv-384, (Doc. No. 3 at 6, n.2), such collateral consequences are insufficient to satisfy the "in custody" requirement. See Maleng, 490 U.S. at 492. Therefore, the Court lacks jurisdiction over Petitioner's § 2255 challenges to Counts (5) and (6), and the Government's Mo0+tion to Dismiss will be granted as to those counts.

However, Petitioner was still serving supervised release for Counts (1) through (4) at the time the § 2255 Motion to Vacate was filed. He was therefore "in custody" for those counts and the Court has jurisdiction over his § 2255 challenge with regards to those counts.[1] Therefore, the Motion to Dismiss with regards to Counts (1) through (4) will be denied.

---

[1] Petitioner appears to argue that, because he was unaware of the elements of § 922(g), his entire guilty plea was unknowing and involuntary.

5

The Government requested additional time to respond should the Motion to Dismiss be denied. (Doc. No. 9 at 6, n.2). This request will be granted and the Government may file a supplemental response within 30 days of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is granted with regards to Counts (5) Counts (6) and denied with regards to Counts (1) through (4). The Respondent may file a supplemental response within 30 days of this Order.

**IT IS, THEREFORE, ORDERED that:**

1. The Government's Motion to Dismiss, (Doc. No. 9), is **GRANTED** in part and **DENIED** in part as stated in this Order.

2. The Government may file a supplemental response within 30 days of this Order.

Signed: December 10, 2020

Max O. Cogburn Jr.
United States District Judge